IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ROBERT DEREK BELL-EL, ) | |
| ) | |
| Movant, ) | |
| ) | Civ. No. 16-1185-JDT-egb |
| VS. ) | Crim. No. 05-10077-JDT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is a motion pursuant to 28 U.S.C. § 2255 filed by the Movant, Robert Derek Bell-El. For the reasons stated below, the Court DENIES Bell-El's § 2255 motion.

On February 21, 2006, a federal grand jury returned a superseding indictment against Bell-El, charging him with three counts of bank robbery in violation of 18 U.S.C. § 2113(a). (No. 05-10077, Crim. ECF No. 15.) Trial began on October 25, 2006, and on October 27, 2006, the jury returned a verdict of guilty on all three counts. (*Id.*, Crim. ECF Nos. 37, 38, 39, 40 & 41.) At a hearing on January 25, 2007, the Court found that Bell-El qualified as a career offender under U.S.S.G. §4B1.1. He was sentenced to concurrent prison terms of 240 months on each of counts one and two and a consecutive 22-month term of imprisonment on count three, for an effective sentence of 262 months. (*Id.*, Crim. ECF No. 50; *see also id.*, Sent'g Tr., Crim. ECF No. 59 at PageID 313-18.) The Court also imposed a three-year period of supervised release. (*Id.*) Judgment was entered on January 29, 2007 (*id.*, Crim. ECF No. 51), and an amended judgment was entered on

February 6, 2007 (*id.*, Crim. ECF No. 53). On appeal, the Sixth Circuit affirmed. *United States v. Bell*, 259 F. App'x 733 (6th Cir. 2008).

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

The sole issue Bell-El raises in the § 2255 motion is whether his sentence is constitutionally invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), requires a fifteen-year sentence for a felon who is convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g) and who has three prior convictions "for a violent felony or a serious drug offense, or both." *Id.*, § 924(e)(1). The ACCA

2

defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," (2) "is burglary, arson, or extortion, involves use of explosives," or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.*, § 924(e)(2)(B)(i)-(ii). The last part of that definition is commonly referred to as the "residual clause." In *Johnson* the Supreme Court held the ACCA's residual clause was unconstitutionally vague and that increasing a defendant's sentence under the clause was, therefore, a denial of due process. 135 S. Ct. at 2563. The Supreme Court later held the decision in *Johnson* was retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

Bell-El was sentenced not under the ACCA but pursuant to the career offender provision of the U.S. Sentencing Guidelines, U.S.S.G. § 4B1.1. Under that provision, a defendant who is convicted of "a felony that is either a crime of violence or a controlled substance offense" qualifies for an increased sentence if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a). At the time of Bell-El's sentencing, the definition of "violent felony" in the career offender guideline contained a residual clause that was identical to the residual clause in the ACCA. § 4B1.2(a)(2) (2006).[1] Bell-El thus contends that his sentence is invalid because the residual clause in the career offender guideline is also unconstitutionally vague.

Bell-El's argument is foreclosed by the decision in *Beckles v. United States*, 137 S. Ct. 886, 892-95 (2017), in which the Supreme Court held "that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause

---

[1] Following the decision in *Johnson*, the U.S. Sentencing Commission amended § 4B1.2(a)(2) to remove the language that was held to be unconstitutionally vague. *See* Amendment 798 (effective Aug. 1, 2016). However, the Commission has declined to make the amendment retroactive. *See* U.S.S.G. § 1B1.10(d) (2016).

3

is not void for vagueness." 137 S. Ct. at 895. Bell-El was sentenced under the advisory guidelines, after the decision in *Booker v. United States*, 543 U.S. 220 (2005). Therefore, the Court's prior determination that he had the requisite number of predicate offenses under § 4B1.2(a) was not affected by the decision in *Johnson*.

Bell-El's § 2255 motion, together with the files and record in this case, "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), § 2255 Rules. A response from the United States is not necessary. Accordingly, the § 2255 motion is DENIED.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability (COA) "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

The issues raised in this § 2255 motion are without merit for the reasons previously stated. Because any appeal by Bell-El on the issue raised in his § 2255 motion does not deserve attention, the Court DENIES a certificate of appealability.

In order to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $505 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a movant must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

For the same reasons the Court denies a certificate of appealability, the Court also CERTIFIES, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Bell-El would not be taken in good faith. Therefore, leave to appeal *in forma pauperis* is DENIED. Accordingly, if Bell-El files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

        s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE